NO. 07-12-0049-CR
 NO. 07-12-0050-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL C

 DECEMBER 17, 2012
 ___________________________________

 JESSE ANTONIO GAITAN,

 Appellant

 V.

 THE STATE OF TEXAS,

 Appellee
 ___________________________________

 FROM THE 271ST DISTRICT COURT OF WISE COUNTY;

 NOS. CR16105 & CR16106; HON. JOHN H. FOSTEL, PRESIDING
 __________________________________

 Opinion
 __________________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
 Appellant, Jesse Antonio Gaitan, appeals his convictions for
tampering with physical evidence and being a felon who unlawfully
possessed a firearm. He contends that the evidence was insufficient
to show that he attempted to conceal, destroy, or alter the weapon or
that he possessed it. We affirm.

 Background
 The weapon in question was a 45-caliber handgun the police found
by a fence around midnight. The officer who discovered the weapon was
responding to a dispatch about a disturbance, along with another
officer. When the former arrived, he noticed appellant discard
something metallic near a carport doorway. At the time, appellant was
being told but was refusing to stop. Instead, he was walking toward
the carport. Various other people at the scene impeded the officer’s
search for the discarded item. Nonetheless, he found the handgun.
 Appellant’s estranged wife testified that she had seen appellant
with the same handgun earlier that month. And, though appellant told
the officers that he was merely throwing away a beer can, he
acknowledged having handled a gun on an earlier date. The weapon was
determined to have been stolen.
 The evidence that appellant was seen discarding a metallic
object through a doorway by which he passed, the discovery of the
object or handgun by the police in the vicinity of where appellant
tossed the object, and appellant’s wife stating that the handgun was
in appellant’s possession earlier is some evidence upon which a
rational factfinder could conclude beyond reasonable doubt that
appellant possessed the weapon as alleged in the indictment. Coupling
that with evidence of appellant’s status as a prior felon subject to
prosecution for possessing a firearm, see Tex. Penal Code Ann. § 46.04
(West 2011) (describing the offense of a felon possessing a firearm),
his desire not to be found with the discarded object, his refusal to
heed the officer’s directive to stop, and his discarding the object
into the night, the same factfinder could also deduce beyond
reasonable doubt that appellant concealed the weapon from the
officers. This is so given that the Fort Worth Court of Appeals
construed “conceal” to mean "the act of removing from sight or notice;
hiding." Rotenberry v. State, 245 S.W.3d 583, 589 (Tex. App.–Fort
Worth 2007, pet. ref'd); accord Lujan v. State, No. 07-09-0036-CR,
2009 Tex. App. Lexis 7121, at *6 (Tex. App.–Amarillo Sept. 9, 2009, no
pet.) (mem. op., not designated for publication) (defining conceal as
meaning “to prevent disclosure or recognition of” or “to place out of
sight”); see also Young v. State, No. 07-09-0229-CR, 2010 Tex. App.
Lexis 9459,*3-4 (Tex. App.–Amarillo Nov. 30, 2010, no pet.) (mem. op.,
not designated for publication) (defining conceal to mean “to hide or
to keep from observation, discovery or understanding”). That his
effort was ultimately unsuccessful matters little; the factfinder had
before it some evidence from which it could legitimately deduce that
appellant was “hiding” what he had from the officers called to
investigate the disturbance.[1] Whether we would have so found had
we been jurors also matters little. Our task under the pertinent
standard of review is to defer to what a factfinder could legitimately
infer from the evidence. See Laster v. State, 275 S.W.3d 512, 517-18
(Tex. Crim. App. 2009). We do not, and must not, shed our robes as
jurists to assume the garb of jurors or supplant what the law says
with what we wish it said.[2]
 Accordingly, the issues are overruled, and the judgment is
affirmed.

 Brian Quinn
 Chief Justice

Publish.

-----------------------
 [1]Unlike the circumstances in Thornton v. State, No. 07-11-0069-
CR, 2012 Tex. App. Lexis 6493 (Tex. App.–Amarillo, August 7, 2012,
pet. filed), we do not have an officer “repeatedly confirm[ing ] . . .
that the object Appellant removed from his pocket . . . was never
concealed from him because it never left his sight.” Id. at *8.
Rather, they liken to another case cited by the dissent, Lujan v.
State, No. 07-09-0036-CR, 2009 Tex. App. Lexis 7121 (Tex.
App.–Amarillo September 9, 2009, no pet.). There, the appellant threw
a crack pipe into the night after spying the police. Id. at *6-7. He
did so because he thought he would be arrested had the officer found
it on him. Id. We concluded that the timing and motivation for the
gesture was enough to allow a jury to legitimately deduce that
“appellant intended to impair the pipe’s availability as evidence
against him . . . .” Id. This was so despite the presence of
evidence suggesting that the officer easily found the pipe upon
searching the area. So, and contrary to the dissent’s point of view,
“dispossessing oneself of incriminating evidence” may indeed satisfy
the actio malum prohibitum purportedly laying at the heart of the
criminal statute at issue.

 [2]Though the dissent would modify the judgment to remove
verbiage relating to the assessment of attorney’s fees, that was not a
matter raised by appellant. Nor is it jurisdictional. So, it was
waived.